```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION

KATHY HOGG,                    }
                               }
     Plaintiff,                }
                               }     CIVIL ACTION NO.
v.                             }
                               }     99-AR-2112-S
DON DRENNEN MOTOR COMPANY      }
                               }
     Defendant.                }
                               }
```

FILED
99 NOV 30 AM 10:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
NOV 30 1999

## MEMORANDUM OPINION

After the filing of a motion by defendant, Don Drennen Motor Company ("Don Drennen"), to dismiss or to compel plaintiff, Kathy Hogg ("Hogg"), to arbitrate the issue of sexual harassment presented by her complaint in the above-entitled cause, the court DEEMED the threshold issue of arbitrability to be under submission on cross-motions for partial summary judgment.

Because Hogg disputed her signature on the arbitration agreement, the narrow question surrounding the signature was a issue of fact, precluding summary disposition. This question was resolved in Don Drennen's favor by a jury. Any remaining issues bearing on arbitrability are pure questions of law, based on undisputed material facts.

Hogg contends that this particular arbitration agreement is unenforceable even if she did execute it. She has two contentions worthy of discussion. First, she says that the agreement is

1



lacking is mutuality. Second, she says that the agreement does not meet the standards enunciated in *Randolph v. Green Tree Financial Corp.*, 178 F. 3d 1149 (11th Cir. 1999). The provision that Don Drennen here seeks to enforce is as follows:

**Arbitration Policy**

If an employment dispute arises while you are employed at Don Drennen Motor Company, you must agree to submit any such dispute to binding arbitration under the Federal Arbitration Act, 9 U.S.C., Section 1. Binding arbitration shall be the exclusive means of resolving any dispute arising out of your employment or termination from employment by Don Drennen Motor Company, and no other action can be brought in any court.

By accepting or continuing employment with Don Drennen Motor Company, you automatically agree that arbitration is the exclusive remedy for all disputes arising out of or related to your employment with Don Drennen Motor Company and you waive all rights to a civil court action regarding your employment and the termination of your employment with Don Drennen Motor Company.

If you decide to dispute your termination or any other alleged incident during your employment, including but not limited to unlawful discrimination or harassment, you must deliver a written request for arbitration to Don Drennen Motor Company within one (1) year from the date of termination, or one (1) year from the date on which the alleged incident(s) or conduct occurred, and respond within fourteen (14) calendar days to each communication regarding the selection of an arbitrator and the scheduling of a hearing. If Don Drennen Motor Company does not receive a written request for arbitration from you within one (1) year, or if you do not respond to any communication from Don Drennen Motor Company about the arbitration proceeding within fourteen (14) calendar days, you will have waived any right to raise any claims arising out of the termination of your employment with Don Drennen Motor Company, or involving claims of unlawful discrimination or harassment, in arbitration and in any court or other forum.

You and Don Drennen Motor Company shall each bear respective costs for legal representation at any such arbitration. The cost of the arbitrator and court reporter, if any, shall be shared equally by the parties.

The court is bothered by the following provision in the total employee agreement:

> I understand that the policies and benefits described in [the Don Drennen Motor Company Employee Manual] are subject to change at the sole discretion of Don Drennen Motor Company at any time.

Don Drennen has here provided itself with an absolute escape route from any obligation under the employee contract, which included the "arbitration policy." Nevertheless, there is consideration for Hogg's agreement to arbitrate. Providing Hogg with employment for the slightest period of time after she signed the agreement constituted valuable and adequate consideration. Therefore, Hogg is bound to the terms of the arbitration agreement, unless those terms are unconscionable or so lacking in adequacy as to be an inappropriate substitute for court access for the vindication of a federal statutory claim.

The Federal Arbitration Act ("FAA") constitutes a Congressional recognition that arbitration is a preferred way to resolve disputes when interstate commerce is implicated. Hogg does not contest the interstate character of Don Drennen's automobile business. The FAA represents the public policy of the United States, like it or not. However, the Eleventh Circuit, and other circuits, have recognized that particular arbitration agreements can have shortcomings that render them void or vulnerable. A very recent expression on this subject by the Eleventh Circuit may be in the process of being looked at by the Supreme Court of the United

States.  The Eleventh Circuit has stayed its mandate in *Randolph v. Green Tree Financial, supra,* pending a petition for *certiorari* by the presently disappointed party who was denied enforcement of that arbitration agreement because the agreement "fail[ed] to provide the minimum guarantees required to ensure" that the plaintiff would be able to vindicate her statutory rights. 178 F. 3d at 1158. Many, if not all, of the criticisms the Eleventh Circuit makes of the arbitration agreement in *Randolph* can be made of the arbitration agreement which jury in the instant case found to bear Hogg's signature.  For instance:

> It does not say whether consumers [employees] if they prevail, will nonetheless be saddled with fees and costs in excess of any award.  It does not say whether the rules of the American Arbitration Association, which provide at least some guidelines concerning filing fees and arbitration costs, apply to the proceeding, whether some other set of rules applies, or whether the parties must negotiate their own set of rules.

*Id.*

Not only is there no procedure set forth in the instant agreement for the selection of an arbitrator, but the provisions that "each bear respective costs for legal representation," and that the "costs of the arbitrator and court reporter, if any, shall be shared equally by the parties" fall far short of providing for a full vindication of a Title VII claim, upon which plaintiff's reasonable attorneys fees and costs would be assessed against the employer if the employee prevails **in court**.  This particular agreement not only provides for a non-judicial forum, but attempts to contract around 42 U.S.C. § 2000e-5(k).  And what about the cost

4

and enforceability of necessary discovery requests? While the arbitration provision here under consideration may not be unconscionable, it does not provide an adequate alternative forum for an employee's Title VII claim under the *Randolph* rubric.

By separate order the court will deny Don Drennen's motion for partial summary judgment and will grant Hogg's motion for partial summary judgment.

DONE this 30th day of November, 1999.

                                  WILLIAM M. ACKER, JR.
                                  UNITED STATES DISTRICT JUDGE